# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA TAYLOR MYERS,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:17-CV-1265-DMC

ORDER

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment remanding the matter was entered on August 28, 2018. Pending before the court is plaintiff's motion for an award of $8,474.97 in attorney's fees under the Equal Access to Justice Act (EAJA).

## I. BACKGROUND

Plaintiff initiated this action by way of a complaint filed on June 20, 2017. The certified administrative record was served on plaintiff and lodged with the court on or about February 26, 2018. Thereafter, plaintiff filed a 37-page opening brief on the merits on June 26, 2018. In her brief, plaintiff argued: (1) the ALJ failed to articulate sufficient reasons for rejecting

1

the opinions of Drs. Lambie and Ahmad and LCSW Shepherd; and (2) the ALJ failed to articulate sufficient reasons for rejecting plaintiff's statements and testimony as not credible. In lieu of filing an answering brief, defendant stipulated to a remand of the matter. The court approved the parties' stipulation and final judgment in plaintiff's favor was entered.

## II. DISCUSSION

Because this court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570). If there is no reasonable basis in law

and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted. See Flores, 42 F.3d at 569-71. A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. Finally, fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

In this case, defendant does not argue its position was substantially justified at either the agency level or before this court. Instead, defendant argues the amount requested by plaintiff is unreasonable because counsel claims an excessive amount of time spent on the case.[1] According to defendant:

> The Supreme Court has held that fees awarded pursuant to a fee-shifting statute must be reasonable and that the party seeking those fees bears the burden of proving they are reasonable including the hourly rate requested (footnote omitted). *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983) (counsel seeking fees should exclude hours that are excessive or unnecessary) (footnote omitted); *see also* 28 U.S.C. § 2412(d)(2)(A) (requested fees for attorney work must be "reasonable"). "In exercising 'billing judgment,' the Supreme Court emphasized that counsel for the prevailing plaintiff should 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee

---

[1] Defendant does not challenge counsel's claimed hourly rate of $196.79 for work performed in 2017 and $200.78 for work performed in 2018.

3

submission.'" *Spegon v. Catholic Bishop*, 175 F.3d 544, 552 (7th Cir. 1999) (emphasis in original), quoting *Hensley*, 461 U.S. at 434. The Commissioner maintains that 38+ attorney hours (foot note omitted) spent on Plaintiff's single, district court brief is excessive and the Court should reduce Plaintiff's fee request accordingly.

As noted above, this case involved the two most common arguments against an ALJ's decision, whether he properly assessed medical opinion evidence and whether he properly assessed Plaintiff's subjective allegations. Plaintiff's attorney is well-versed in disability cases – a PACER search for her name in the Eastern District of California alone brings up 651 cases, only 6 of which are not against the Commissioner of Social Security (or the prior disability defendant, the Secretary of Health and Human Services). The reasonableness of the time spent on litigation is determined by such factors as the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, the experience, reputation, and ability of the attorney and fee awards in similar cases. *See Hensley*, 461 U.S. at 429, n.3 (setting forth 12 factors a court should keep in mind when assessing the reasonableness of a fee request); *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (noting a court's calculation of reasonable fees include "the number of hours reasonably spent on the litigation"). While the record here was admittedly large (2556 pages), it should not take a seasoned practitioner almost a full week of work to draft a brief pointing out ALJ errors that were plain enough to warrant the unusual situation where the Commissioner conceded reversible error and agreed to remand for another decision. *See Spegon*, 175 F.3d at 552 ("'Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended'"), quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). The Commissioner does not dispute that Plaintiff's attorney actually spent the hours billed, but if she chooses
to spend almost an entire week briefing one case, she must bear the cost of that excessive time. *See Tasby v. Estes*, 651 F.2d 287, 289-90 n.1 (5th Cir. 1981) ("[p]arties seeking the assurance that clear representation overkill can provide must bear themselves the costs that it occasions").

Additionally, Plaintiff's request for almost 40 hours and over eight thousand dollars in a case where there was only one brief filed – counsel did not even have to read an opposing brief here – is well beyond the typical amount of fees in cases that have been fully briefed, i.e., where the plaintiff had to at least file a reply brief and sometimes participate in a court hearing. *See Hensley*, 461 U.S. at 429, n.3 (fee awards in similar cases are relevant to the reasonableness analysis); *cf. Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1136 (holding that 20-40 hours for a fully briefed case provided an accurate framework to measure reasonable time, but noting that an average award cannot be the only reason to reduce a fee request), citing *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214, n.2 (C.D.Cal. 2000) (collecting district court EAJA cases and noting the hours spent). Here, the Commissioner seeks a reduction based on factors in addition to an average fee award – the ordinariness of the case and the experience of Plaintiff's attorney. The Commissioner proposes that the Court award fees for 21 hours of briefing, which is more reasonable time spent under the

4

circumstances of this case – one brief, typical issues and an experienced, specialized attorney. Such a reduction subtracts 17 hours, i.e., $3,345.43, and would account for a reasonable overall fee of $5,129.55.

Plaintiff has not filed a reply to defendant's arguments.

A review of the declaration of time expended by counsel in this case reflects she spent a total of 38 hours reviewing the record and preparing plaintiff's opening brief. The court finds this time to be reasonable. Specifically, this case involved an unusually lengthy record consisting of over 2,500 pages. Counsel claims 11 hours to review this record, which means counsel was able to review over 227 pages per hour, or 3.78 pages each minute. This fast pace reflects counsel's expertise and indicates counsel was able to make efficient use of her time. The court concludes this alone resulted in a significant cost savings. Given the savings yielded by counsel's ability to quickly review and summarize such a lengthy record, the court finds the hours sought for this task to be reasonable.

Regarding hours sought for preparing plaintiff's brief – a total of 27 hours – the court also finds the time reasonable. While, as defendant notes, the two issues raised in plaintiff's brief are among the most common issues raised in social security appeals, that is not to say those issues did not involve facts unique to the current case because each case presents it's own set of facts, in terms of the claimant's impairments, the medical opinions of record, and the ALJ's analysis. Moreover, defendant's concession the ALJ made errors warranting a remand does not negate the amount of time counsel expended on plaintiff's brief, which was filed <u>before</u> defendant agreed to a remand.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an award of fees under the EAJA is granted;

2. Plaintiff is awarded $8,474.97, payable to plaintiff within 65 days of the date of this order.

Dated: December 19, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE